**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FGDI, INC.,

    Plaintiff,

vs.                                                      CASE NO. 3:03-cv-843-J-TEM

BOMBARDIER CAPITAL RAIL INC.,

    Defendant.
_____

**O R D E R**

This case is before the Court on Defendant Bombardier's Motion for Summary Judgment and Supporting Memorandum (Doc. #41), filed September 7, 2004 and FGDI, LLC'S Brief in Resistance to Bombardier Capital Rail Inc.'s Motion for Summary Judgment (Doc. #44), filed September 24, 2004.  The Court heard oral argument on April 7, 2005.[1]

Summary judgment is appropriate only when a court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The burden of establishing the absence of a genuine issue is on the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial burden of demonstrating to the Court "by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F. 2d 604, 608 (11th

---

[1] The transcript of the April 7, 2005 hearing is filed in the record at Docket Entry #58.

Cir. 1991). A court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-150 (2000) (discussing standard for granting judgment as a matter of law under Fed.R.Civ.P. 50, which mirrors the standard for granting summary judgment under Rule 56); *Hinson v. Clinch County Bd. of Educ.*, 231 F.3d 821, 826-27 (11th Cir. 2000). The Court considers the entire record, but must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151; *Hinson*, 231 F.3d at 827.

Once the moving party has met its burden, the burden shifts to the non-moving party to show that there is a material issue of fact that precludes summary judgment. *Clark*, 929 F.2d at 608. The non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts, through affidavits or other forms of evidence provided for by the rules. *Adickes v. SH. Kress & Co.*, 398 U.S. 144, 157 (1970).

"[T]he inquiry is whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252-52. A genuine issue of material fact exists where there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir.1995); *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).[2]

In considering the above-referenced motions and the supporting documents, the responses thereto, the oral argument, and having reviewed the record as a whole, the

---

[2]The Court notes the issue whether Plaintiff has waived its right to a trial by jury remains pending. The Court anticipates issuance of an order on this matter in the near future.

Court cannot find that Defendant has met its burden of establishing there is no genuine issue as to the material facts in this case. This is a breach of contract action wherein the parties disagree over the existence, and/or the enforceability, of an oral agreement reportedly entered into between the parties subsequent to the issuance of the written contract. Whether the written contract has been modified by a later oral agreement or by a subsequent course of dealing are among the questions of fact yet to be determined in this case. Such questions are to be resolved by the fact finder. *Saglio v. Chrysler First Commercial Corp.*, 839 F.Supp. 830, 833-34 (M.D. Fla. 1993).

Thus, there are questions of material facts that remain to be resolved at trial.

Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED:**

Defendant's Motion for Summary Judgment (Doc. #41) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of April, 2005

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
Counsel of Record